IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY SILVAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2932-K |
| | § | |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, NATIONSTAR MORTGAGE, LLC, and MOUNTAIN WEST FINANCIAL, INC. | § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions for leave to file supplemental authority by Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") (Doc. Nos. 39 and 46). After reviewing the motions, responses, replies, the record, and relevant caselaw, the Court **GRANTS** both motions because the underlying cases were not available during the initial briefing and are relevant to the Court's analysis.

I. **Background**

In 2015, Plaintiff Tony Silvas secured a mortgage with Defendant Mountain West Financial, Inc., ("Mountain West") for his home in Marino Valley, California. In January 2018, Plaintiff filed for a Chapter 13 bankruptcy, which closed in May 2018.

1

Following the closure of the Chapter 13 bankruptcy, Plaintiff filed for Chapter 7 bankruptcy in October of 2018. In March 2019, Plaintiff's mortgage was transferred from Mountain West to Defendant Nationstar Mortgage, LLC, ("Nationstar"). Following the settlement of his bankruptcy in January 2019, he made mortgage payments to Nationstar to in a timely matter. Although he made timely payments, he did not see these payments recorded on the credit reports assembled, evaluated, and disbursed by Defendants Equifax Information Services, LLC, Experian, and Trans Union, (collectively, "Credit Reporting Agencies") respectively. He then sued the Credit Reporting Agencies along with Mountain West and Nationstar under §§1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA") for failing to report the timely payments.

Defendants Experian and Trans Union moved for a judgment on the pleadings, while proposing a stay in the alternative, (Doc. No. 21) on the grounds that the failure to report, in contrast to affirmatively reporting incorrect information, does not provide cognizable claims under 15 U.S.C. §§1681e(b) and 1681i. Briefing on the issue concluded on March 21, 2020. Because the Fifth Circuit has current cases addressing this issue, the Court temporarily stayed the case pending the resolution of those cases. Defendants now assert two separate motions for leave to file supplemental authority.

The first case that Defendants seek to enter on the record is *Desautel v. Experian Info. Sols. LLC, et al.*, 2020 WL 2215736 (D. Minn. May 7, 2020). The Minnestora

District Court examined whether a failure to report a particular tradeline states a cognizable claim under either 15 U.S.C. §§ 1681e(b) or 1681i and found that it did not. The second case Defendants seek to enter is *Troy Krosch v. Equifax Information Services, LLC, et al.*, 2020 WL 3036600 (D. Minn. June 5, 2020). The Minnesota District Court in *Krosch* held that plaintiff failed to state a claim under the FCRA in "merely alleg[ing] that Experian failed to include the Nationstar mortgage account" on his credit report. *Id* at *8 (citing *Desautel*, 2020 WL 2215736, at *4). The third case, coming from the Northern District of Texas, is *Genise Coyle v. Experian Information Solutions, Inc., et. al.*, 2020 WL 3052228, (N.D. Tex. June 7, 2020) (Lynn, C.J.). The Northern District court held that "an omission of a particular obligation from a credit report is not an FCRA violation." *Coyle*, 2020 WL 3052228, at *2. The court found that plaintiff failed to state a cognizable claim under either 15 U.S.C. §§ 1681e(b) or 1681i. *Id*.

Because this is a motion for leave to file supplemental authority, the only question before the Court in the instant motion is whether Defendants should be granted leave to file these cases on the record.

II.     **Legal Standard**

A movant seeking to file a supplemental brief must: (1) "show that it has new information that was not available at the time it filed its [motion] in order to receive leave to file" its supplemental briefing; and (2) "demonstrate that this information is

relevant to the Court's . . . analysis and would therefore aid the justiciable disposition of [the] case." *Hoffman v. AmericaHomeKey, Inc.*, 2014 WL 12577347, at *1–2 (N.D. Tex. July 29, 2014).

### III. **Analysis**

The first case, *Desautel v. Experian Info. Sols. LLC, et al.*, 2020 WL 2215736 (D. Minn. May 7, 2020), satisfies both elements. The case was decided on May 7, 2020, which was after the March 21, 2020 briefing deadline. The court ruled on whether a failure to report a particular tradeline states a cognizable claim under either 15 U.S.C. §§ 1681e(b) or 1681i. *See Desautel*, 2020 WL 2215736, at *5. Because the analysis is virtually identical to the case at bar, the Court finds that the information is relevant to the Court's analysis. Because *Desautel* satisfies the elements necessary for supplemental entry on the record, the Court will allow it to be entered.

The second case, *Troy Krosch v. Equifax Information Services, LLC, et al.*, 2020 WL 3036600 (D. Minn. June 5, 2020), similarly satisfies the elements. The case was decided on June 5, 2020, which was after the March 21, 2020 briefing deadline. The District Court in *Krosch* held that plaintiff failed to state a claim under the FCRA in "merely alleg[ing] that Experian failed to include the Nationstar mortgage account" on his credit report. *Id* at *8 (citing *Desautel*, 2020 WL 2215736, at *4). This analysis, like the *Desautel* analysis, is highly relevant to the issue before the Court. The Court finds that the *Krosch* case similarly satisfies the burden for supplemental entry.

The third and final case, *Genise Coyle v. Experian Information Solutions, Inc., et. al.*, 2020 WL 3052228, (N.D. Tex. June 7, 2020) (Lynn, C.J.), also satisfies the elements for entry to the record. The case was decided on June 7, 2020, which was after the March 21, 2020 briefing deadline. There, Chief Judge Lynn held that "an omission of a particular obligation from a credit report is not an FCRA violation." *Coyle*, 2020 WL 3052228, at *2. Chief Judge Lynn concluded that plaintiff failed to state a cognizable claim under either 15 U.S.C. §§ 1681e(b) or 1681i. *Id*. This analysis is highly relevant to the issue before the Court because it involves the same causes of action and similar facts. The Court finds that the *Coyle* case satisfies the burden for supplemental entry.

IV. **Conclusion**

Because all three cases carry the burden required for supplemental entry to the record, the Court **GRANTS** the motions for leave to file supplemental authority (Doc. Nos. 39 and 46).

**SO ORDERED.**

Signed July 15th, 2020.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE